UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FELISA A. JONES,

        Plaintiff,    **1:16-cv-00879-MAT**

                **DECISION AND ORDER**

    -vs-

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

        Defendant.

---

## I. INTRODUCTION

Represented by counsel, Felisa A. Jones ("Plaintiff") has brought this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("Defendant" or "the Commissioner") denying her application for disability insurance benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## II. PROCEDURAL BACKGROUND

On November 26, 2012, Plaintiff protectively filed an application for DIB, alleging disability beginning March 12, 2009 due to

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

hypertension and diabetes. Administrative Transcript ("T.") 11, 109-15, 127. Plaintiff's application was initially denied and she timely requested a hearing, which was held before administrative law judge ("ALJ") Eric Glazer on August 27, 2014. T. 39-56, 57-67. On February 27, 2015, the ALJ issued an unfavorable decision. T. 8-19. Plaintiff's request for review was denied by the Appeals Council on September 6, 2016, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff then timely commenced this action.

### III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act through December 31, 2014. T. 13.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from March 12, 2009, the alleged onset date. *Id*. At step two, the ALJ determined that Plaintiff had the severe impairment of diabetes mellitis and the non-severe impairments of hypertension, obesity, and left knee pain. *Id*. At step three, the ALJ considered Plaintiff's impairments and found that, singly or in combination, they did not meet or medically equal the severity of a listed impairment. T. 14. In particular, the ALJ considered section 9.00 of the Listing of Impairments in reaching this determination. T. 14-15.

Prior to proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). T. 16. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. T. 17. At step five, the ALJ relied on the Medical-Vocational Guidelines to find that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. T. 18. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 18-19.

## IV. DISCUSSION

### A. Scope of Review

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff contends that (1) the ALJ erred in finding that Plaintiff's knee injury was not a severe impairment, (2) the Appeals Council erred in finding that additional evidence submitted by Plaintiff did not provide a basis for changing the ALJ's decision, (3) the ALJ impermissible substituted his own medical judgment for that of a qualified physician, and (4) the ALJ failed to perform a function-by-function analysis of Plaintiff's work-related abilities as required by Social Security Ruling ("SSR") 96-8p. For the reasons discussed below, the Court finds these arguments without merit.

**B.   The ALJ Properly Assessed Plaintiff's Knee Impairment**

Plaintiff contends that the ALJ erred at step two of his analysis when he found that her left knee pain was a non-severe impairment. Plaintiff's argument relies upon a misapplication of the applicable standard at step two, and is also not supported by the record evidence.

At step two, an ALJ must consider whether a claimant's medically determinable are severe or non-severe. A "severe" impairment is "one that significantly limits a claimants ability to perform basic work activities," such as "walking, standing, sitting, lifting, [etc.], [c]apacities for seeing, hearing, and speaking, and [u]nderstanding, carrying out, and remembering simple instructions." *Faison v. Berryhill*, 2017 WL 3381055, at *2 (W.D.N.Y. Aug. 5, 2017) (internal quotations and citations omitted). "[T]he mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment is not, by itself, sufficient to render a condition severe. Indeed, a finding of not severe should be

made if the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on an individual's ability to work." *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (internal quotations and citations omitted).

In this case, the evidence before the ALJ amply supported the conclusion that Plaintiff's knee impairment was non-severe. On March 15, 2013, Plaintiff was examined by consultative examiner Dr. Samuel Balderman. T. 298-301. Plaintiff reported experiencing intermittent, moderate left knee pain. T. 298. On examination, Plaintiff was in no acute distress and had a normal gait. T. 299. She could squat to 60% of full, did not use an assistive device, and required no assistance getting on and off the exam table. *Id*. Plaintiff's joints were normal and nontender and she had a slightly reduce range of motion in her left knee. T. 300. Dr. Balderman opined that Plaintiff would have "mild limitations in kneeling and climbing due to left knee pain." T. 301.

In May 2014, Plaintiff reported to treating physician Dr. Jesenia Cruz that she was experiencing pain in her left knee. T. 304-305. Dr. Cruz noted that Plaintiff had some pain and reduced range of motion in her knee. T. 305. Dr. Cruz prescribed use of an Ace bandage and referred Plaintiff for additional evaluation. T. 304. X-rays of Plaintiff's left knee were taken on May 21, 2014, and showed no significant abnormalities. T. 310.

In his decision, the ALJ noted that Plaintiff suffered from left knee pain, but that it had not "resulted in significant tenderness, swelling or limitations in its range of motion" and that it had not

"required strong medication." T. 14. The ALJ further noted that Dr. Balderman had opined that Plaintiff's left knee pain would cause only mild limitations in her ability to kneel and climb and that the x-ray ordered by Dr. Cruz had revealed no significant abnormalities. *Id*. Accordingly, the ALJ concluded that Plaintiff's left knee pain was non-severe.

The Court finds no error in the ALJ's analysis of her left knee pain. The evidence of record clearly supported the conclusion that Plaintiff's left knee pain caused no more than a minimal effect on her ability to perform work-related functions. Courts in this Circuit have upheld ALJ's determinations on non-severity in cases where physical impairments caused only mild limitations in a claimant's functioning. *See, e.g., Thogode v. Colvin*, No. 3:14-CV-1051 DNH/TWD, 2015 WL 5158733, at *7 (N.D.N.Y. Sept. 2, 2015) (ALJ properly found that plaintiff's low back pain was not severe where doctors concluded plaintiff had only mild limitations and should avoid heavy activities).

Plaintiff also contends that additional information submitted to the Appeals Council compelled the conclusion that Plaintiff's knee impairment was severe. The Court rejects that argument, for reasons discussed below.

**C. The New Evidence Submitted by Plaintiff to the Appeals Council Regarding her Knee Impairment was not Material**

With respect to her knee impairment, in July 2016, Plaintiff submitted additional medical records to the Appeals Council. In particular, Plaintiff submitted records from the emergency department at the Erie County Medical Center showing that on November 30, 2013,

-6-

Plaintiff reported having injured her leg. T. 356. Plaintiff was assessed with leg muscle strain and provided with pain medication. T. 351, 356. The physician who treated Plaintiff stated that she should not operate machinery or work at heights while opiates, but did not assess any restrictions in Plaintiff's ability to squat, kneel, bend, twist, lift, or carry, and did not opine that Plaintiff needed a "sit down job." T. 351. The evidence submitted to the Appeals Council also showed that Plaintiff had bilateral knee x-rays taken on July 25, 2014, which showed minimal degenerative changes and no evidence of acute osseous abnormality. T. 402. Plaintiff further submitted records showing that she attended four physical therapy sessions between August 18, 2014 and September 5, 2014, that she had a mildly reduced range of motion in her knees and reported tenderness with mobility, and that she had been discharged "due to not returning for further sessions." T. 344-45.

Plaintiff had gastric sleeve surgery in October 2014. T. 358-60, 363-99. At her first post-operative vistit, Plaintiff's treatment providers made no mention of any knee problems in a list of Plaintiff's "active problems" and indicated that she had no activity restrictions. T. 358-60.

A claimant may submit new evidence to the Appeals Council following an adverse ALJ disability determination without any showing of good cause. 20 C.F.R. §§ 404.970(b), 416.1470(b). The regulations provide that the Appeals Council "shall" consider "new" and "material" evidence that relates to the period on or before the date of the ALJ

hearing decision. 20 C.F.R. §§ 404.970(b), 416.1470(b).  A claimant must show that the proffered evidence is (1) "'new' and not merely cumulative of what is already in the record," and that it is (2) "material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative."  *Lisa v. Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (internal citations omitted). "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)).

In this case, the Appeals Council reviewed the new evidence submitted by Plaintiff and concluded that it did "not provide a basis for changing the Administrative Law Judge's decision."  T. 2.  The Court finds no error in this determination.  The new evidence Plaintiff submitted to the Appeals Council does not show that she suffered from a severe knee impairment.  To the contrary, the new evidence submitted by Plaintiff simply supports and confirms the ALJ's determination that her knee impairment was not severe and did not significantly impact her ability to engage in work-related activities.  In particular, the facts that x-rays of Plaintiff's knees showed only minimal abnormalities, that Plaintiff ceased attending physical therapy after only four sessions, and that Plaintiff's surgical providers opined that she had no activity restrictions all support the conclusion that Plaintiff's

knee impairment was non-severe. Accordingly, the Court finds that remand is not appropriate on this basis.

**D. The ALJ did not Impermissibly Rely on his Lay Judgment**

Plaintiff also argues that the ALJ impermissibly relied on his own lay judgment in concluding that she was capable of light work. In particular, Plaintiff argues that the ALJ's RFC finding is inconsistent with Dr. Balderman's physical RFC opinion, to which the ALJ gave great weight. Plaintiff's argument misapprehends the applicable law and relies on the faulty assumption that an RFC finding of light work was inconsistent with Dr. Balderman's opinion.

As a threshold matter, Plaintiff's contention that, because the only severe impairment noted by the ALJ was diabetes, any limitations set forth in the RFC finding must have been related to Plaintiff's diabetes alone is incorrect. The Commissioner's regulations and the applicable case law make it perfectly clear that an RFC finding "must account for limitations imposed by <u>both severe and nonsevere</u> impairments." *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (emphasis added). As such, the fact that the ALJ concluded that Plaintiff's hypertension, obesity, and knee pain were non-severe impairments does not mean that he could not include any limitations associated with those impairments into his RFC finding. To the contrary, he was expressly required to do so.

Plaintiff is also incorrect in asserting that the ALJ's RFC finding was inconsistent with Dr. Balderman's opinion. As set forth above, Dr. Balderman opined that the only limitations Plaintiff had

were "mild limitations in kneeling and climbing due to left knee pain." T. 301. "Many courts have held that such mild or even moderate limitations are consistent with the ability to perform the full range of light work." *Richardson v. Colvin*, No. 15-CV-6276 CJS, 2016 WL 3179902, at *8 (W.D.N.Y. June 8, 2016); *see also Brown v. Colvin*, 73 F. Supp. 3d 193, 199 (S.D.N.Y. 2014) (full range of light work compatible with opinion that individual had "mild limitations in prolonged walking, climbing, squatting, kneeling, lifting, and carrying due to knee and lower back pain"). In other words, the ALJ's conclusion that Plaintiff was capable of performing the full range of light work is consistent with and supported by Dr. Balderman's opinion, to which the ALJ gave great weight.

Plaintiff also contends that the ALJ erred because he did not request a physical RFC opinion from her treating physicians. "[T]here is no duty to re-contact a treating physician to obtain a function-by-function analysis of [p]laintiff's impairments where consultative physicians assess a plaintiff's functional limitations and provide an opinion on them." *Sink v. Colvin*, No. 1:12-CV-00239 JJM, 2015 WL 3604655, at *17 (W.D.N.Y. June 8, 2015) (internal quotation omitted). "Additionally, even where a treating physician does not provide a specific function-by-function assessment, where the record is extensive enough to support an informed residual functional capacity finding by the ALJ, remand is not appropriate." *Id.* (internal quotation omitted). In this case, the ALJ had an extensive medical record and Dr. Balderman's assessment of Plaintiff's functional

limitations. He was therefore not obliged to recontact Plaintiff's treating physicians to request a function-by-function analysis.

Finally, to the extent Plaintiff contends that Dr. Balderman was unqualified to opine on limitations associated with her diabetes because he is not an endocrinologist, her argument is misplaced. As the Second Circuit has noted, "nothing in the [Commissioner's] regulations suggests that in every case the consultative doctor must be a specialist." *Firpo v. Chater*, 100 F.3d 943 (2d Cir. 1996). Dr. Balderman is a licensed physician (T. 302) who performed a through physical examination of Plaintiff. Plaintiff has not provided any basis for this Court to question his qualifications or conclusions.

**E.  The ALJ Adequately Assessed Plaintiff's RFC**

Plaintiff's final argument is that the ALJ failed to comply with SSR 96-8p because he did not perform a function-by-function analysis of Plaintiff's abilities and that remand is therefore required. The Court disagrees. "Where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, . . . remand is not necessary merely because an explicit function-by-function analysis was not performed." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). In this case, the ALJ throughly considered the evidence of record, including Plaintiff's testimony. He explained that the pain and numbness experienced by Plaintiff due to her diabetes would

-11-

preclude her from performing medium or heavy work. T. 16. However, he further explained that the evidence of record did not support the conclusion that she was totally disabled and that Dr. Balderman's opinion, to which he gave great weight, as well as the other medical evidence of record, supported the conclusion that Plaintiff could perform the full range of light work. T. 16-17. The ALJ's conclusion was fully consistent with the medical evidence of record. Plaintiff's physicians repeatedly and routinely observed that she had normal musculoskeletal and neurological function and that she did not have any motor or sensory deficits. *See, e.g.,* T. 217, 222, 225, 229, 233, 236-37, 240, 243, 259, 263. Moreover, and as the Commissioner correctly notes, the term "light work" is a term of art that is defined to mean lifting no more than 20 pounds at a time while lifting or carrying objects weighing up to 10 pounds between one-third and two-thirds of the time; standing or walking for a total of approximately six hours of an eight-hour workday while sitting intermittently the remaining time; and stooping occasionally. SSR 83-10. As such, by using the term "light work," the ALJ did provide specific information regarding Plaintiff's functional capacity. Under these circumstances, the Court finds no error in the ALJ's determination regarding Plaintiff's RFC.

## V. CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 10) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 17) is granted. Plaintiff's

complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

<u>**S/Michael A. Telesca**</u>

HON. MICHAEL A. TELESCA
United States District Judge

Dated: March 16, 2018
Rochester, New York